IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WELLINGTON SPECIALTY INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 11-3231-CV-S-RED |
| BRANSON PARTNERS, L.L.C., et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff Wellington Specialty Insurance Company's Motion for Default Judgment on its First Amended Complaint against Defendants Leo Gallagher and Sold Out Shows (FL), Inc. (Doc. 36). After careful consideration, the Court **GRANTS** this motion.

## BACKGROUND

This case arises out of a lawsuit filed in the Circuit Court of St. Louis County, Missouri which concerns a contract for Branson Partners, L.L.C. ("Branson Partners") to promote, organize, manage, and pay Leo Gallagher ("Gallagher") and Sold Out Shows (FL), Inc. ("Sold Out Shows") for performances at the Moe Bandy Theater. In this lawsuit, Branson Partners filed a petition asserting breach of contract claims against Gallagher and Sold Out Shows.

Before the underlying lawsuit was filed, Plaintiff issued Policy No. 2400100057 to Branson Partners. On March 9, 2012, Plaintiff filed an Amended Complaint for Declaratory Judgment requesting the Court determine the rights and liabilities of the parties with respect to this insurance policy and the underlying lawsuit. Plaintiff has dismissed all claims against Branson Partners and default has been entered against Gallagher and Sold Out Shows.

**DECISION**

When a default judgment is entered, facts alleged in the complaint may not later be contested. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thompson v. Wooster*, 114 U.S. 104 (1885)). However, "'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Marshall* at 852 (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)). As default has been entered against Gallagher and Sold Out Shows, we must now determine whether the amended complaint constitutes a legitimate cause of action. With regard to Gallagher and Sold Out Shows, the First Amended Complaint for Declaratory Judgment requested this Court to: (1) determine and adjudicate the rights and liabilities of the parties hereto with respect to the policy pursuant to 28 U.S.C. § 2201; (2) find and declare the policy does not potentially or actually cover any portion of the claims against Gallagher and Sold Out Shows in the Branson Partners' petition; and (3) find and declare that the policy has no duty to defend or indemnify Gallagher and Sold Out Shows in connection with the Branson Partners' petition and that such ruling is binding against Branson Partners.

An insurer's duty to defend a suit against its insured is determined by the language of the policy and the allegations asserted against the insured. *American States Ins. Co. v. Mathis*, 974 S.W.2d 647, 649 (Mo.Ct.App. 1998) (citing *Scottsdale Ins. Co. v. Ratliff*, 927 S.W.2d 531, 532 (Mo.Ct.App. 1996)). "Under Missouri law, the insurer has the burden of showing the loss and damages are covered by the policy; the defendant insurer has the burden of demonstrating the applicability of any exclusions on which it relies." *American States* at 649. Furthermore, "[u]nless an ambiguity exists, we must enforce the policy as written, giving the language of the policy its ordinary meaning." *Id.*

Section I - Coverage A and Coverage B of the policy require the existence of an "insured"

as a condition precedent to coverage thereunder.[1]  Plaintiff issued the policy to Branson Partners, who is the named insured under the policy.  Accordingly, in order for Gallagher or Sold Out Shows to constitute an insured under Section I - Coverage A or Section I - Coverage B, they must constitute an "additional insured."  As set forth in the policy, Gallagher and Sold Out Shows are "additional insureds":

> only with respect to their liability arising out of:
> a. Their financial control of [Branson Partners]; or
> b. Premises they own, maintain or control while [Branson Partners] lease[s] or occup[ies] these premises.

In the underlying lawsuit, the only claim against Gallagher and Sold Out Shows concerns Gallagher and Sold Out Shows' breach of contract, and specifically concerns the language used and the physical altercations which occurred during their performances at the Moe Bandy Theater. Accordingly, the claims asserted against Gallagher and Sold Out Shows do not relate to any liability arising out of their financial control of Branson Partners.  Moreover, the petition makes no allegation that Gallagher or Sold Out Shows owned, maintained or controlled the Moe Bandy Theater.  In fact, the petition alleges that the Moe Bandy Theater is claiming damages against Plaintiff as a result of Gallagher and Sold Out Shows' conduct; this supports the fact that neither Gallagher nor Sold Out Shows owned, maintained or controlled the Moe Bandy Theater.  Therefore, the claims asserted against Gallagher and Sold Out Shows concern neither their financial control of Branson Partners nor a premises they owned, maintained or controlled while Branson Partners leased or occupied the

---

[1] The policy also sets forth coverage in Section I - Coverage C.  This section, however, concerns Plaintiff's payment of medical expenses, which is not an issue in this case as this case concerns coverage of alleged breach of contract claims and requests of monetary relief due to this alleged breach.

3

premises. For these reasons, Gallagher and Sold Out Shows do not qualify as an additional insured and, thus, cannot receive coverage under the relevant insurance policy.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's motion. The Court finds and declares that neither Gallagher nor Sold Out Shows qualify as an "insured" under Policy No. 2400100057 and, therefore, Policy No. 2400100057 does not potentially or actually cover any portion of the claims asserted against Gallagher and Sold Out Shows in the petition set forth by Branson Partners in the underlying lawsuit. Moreover, this Court finds and declares that Plaintiff has no duty to defend or indemnify Gallagher and Sold Out Shows in connection with the petition set forth by Branson Partners in the underlying lawsuit. This ruling is binding against Branson Partners.

**IT IS SO ORDERED.**

Date: September 17, 2012         */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT